SUTLIFF, C.J., and GHOLSON, BRINKERHOFF and SCOTT, JJ., concurred.

---

MATTHEW HUGHES *v.* THE BOARD OF EDUCATION OF MADISON TOWNSHIP, IN GUERNSEY COUNTY.

Under the school act of March 14, 1853, the township board of education has the power to designate the particular place where school houses in subdistricts shall be built; and the powers which, in this respect, the statute confers on the local directors of a subdistrict, are to be exercised in subordination to the paramount authority of the township board of education.

ERROR to the district court of Guernsey county.

In May, 1857, Hughes contracted with the local school directors of subdistrict No. 3, in Madison township, Guernsey county, to build a school house by the first of the next November, for $400, if built on the old ground, or for $385, if the site should be changed to level ground.

The board of education of the township, by resolution, directed the local directors to proceed to select a site and

erect a school house, according to the contract. But, at the request of the local directors, the householders of the district, ·by vote, selected the site on which the house was built.

After the site was thus chosen, the board of education "resolved," and so notified Hughes and the local directors, that the house should be erected on a different site, purchased by them.

The local directors refused to have the site changed, and directed Hughes to go on and build the house on the site chosen by them; and he did so, to the acceptance of the local directors, who certified to the board of education that the house had been completed according to contract, and that Hughes was entitled to $385, the contract price.

Whether Hughes had commenced the erection of the building on the site selected by the local directors before he received notice of the resolution of the township board directing a change of site, was a matter in dispute between the parties on the trial. The evidence on the point is not set out.

Hughes presented this certificate of the local directors to the board of education, and demanded an order on the township treasurer for his pay. The board refused to make the order.

Thereupon, Hughes brought a civil action against the board of education, in the common pleas, to recover the $385, and interest. And on the trial of the issue to a jury, the court charged the jury, in substance, that the law imposed the duty of selecting the site for the school house upon the local directors, and that the board of education had nothing to do with the selection or purchase of a site, except in case the local directors neglect or refuse to discharge their duty, and except to prescribe rules and regulations for the government of the local directors in the discharge of their duties; and that the facts in the present case did not show any exercise, by the board of education, of their authority to prescribe rules and regulations for the government of the local directors, " that the rules and regulations contemplated by the statute were something more general and permanent

23

than the counsel, advice or direction which might have been given in the selection and purchase of the site in question."

To this charge of the court the defendants excepted. And, the verdict being against them, moved for a new trial, on the ground that the verdict was against the evidence and the law.

This motion was overruled, and judgment entered against the defendants, who thereupon filed their petition in error, to reverse the same, in the district court, insisting among other things, that the common pleas erred in its charge to the jury.

The district court reversed the judgment of the common pleas. To reverse this judgment of reversal, the plaintiff filed a petition in error in this court.

*Ferguson & Skinner*, for plaintiff in error.

————— —————, for defendants in error.

BRINKERHOFF, J.—This petition in error is presented to reverse the judgment of the district court, reversing the judgment of the court of common pleas, for error in the charge of that court to the jury on the trial of the cause. And the question here is, as it was in the district court, whether there is error in that charge.

This question, and this case, we think, is, in effect, decided by the case of *Rider* v. *Lynch*, 8 Ohio St. Rep. 347. The provisions of the school act bearing on that case and on this, were there quoted, somewhat *in extenso*, and considered. We do not propose to repeat that labor here. But it was there determined, in view of all the provisions of the statute, its policy, and the evils it was designed to remedy, that the township board had the power to designate the particular place where school houses should be built, and where schools should be kept, and that this power, if not expressly conferred, followed, by fair and reasonable implication, from the grants of power expressly made. With that decision we are satisfied. It is the policy of the school act to give to the township board a longer and a wider field of vision than that which the local directors of a sub-district could be supposed

to have. It is not only to provide for the present wants, but to anticipate the future wants of the township, and to select school house sites, and to build school houses accordingly; having "reference to population and neighborhood, paying due regard to any school house already built, or site procured, *as well as to all other circumstances proper to be considered,* so as to promote the best interests of schools," sec. 16. And whatever powers are conferred upon the local authorities of sub-districts, in respect to the selection of sites, and the location of sub-district schools, they are to be exercised in subordination to the paramount authority of the township board. Any other construction of the provisions of the school act would introduce conflict between the township boards and the local directors of the sub-districts, and contravene the evident policy of the act.

By section 11 of the act, the township board is invested with the title to all school houses and school house sites, and the power is expressly conferred on it "to sell and convey the same," and "full power to control the same in such manner as they may think will best subserve the interests of common schools and the cause of education." Now, if this township board, believing that this school house was not located so as "to best subserve the interests of common schools and the cause of education," might have sold both house and site, and could have purchased a new site, and ordered a new school house to be built, all on the next day after this house was built—as under these express provisions of the statute they clearly might have done—it is not only reasonable to infer that the legislature intended to confer on it the power to direct the place where school houses should be erected in the first instance, but a contrary supposition would impute to the legislature an absurdity.

We concur, therefore, with the district court in the opinion that the court of common pleas erred in its charge to the jury. Judgment affirmed.

PECK, GHOLSON and SCOTT, JJ., concurred; SUTLIFF, C.J., dissented.